[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On June 4, 1996 the court heard the defendant's motion for contempt, alleging that the plaintiff had wilfully violated an order of December 4, 1995 that she permit the defendant to remove from her garage certain personal property that was the subject of a court order entered at the time the parties' marriage was dissolved on October 1, 1993. Both parties testified at that hearing.
In this proceeding in equity the court may invoke the "clean hands" principle.
 It is a fundamental principle of equity jurisprudence that for a complainant to show that he is entitled to the benefit of equity he must establish that he comes into court with "clean hands" . . . . The clean hands doctrine is applied not for the protection of the parties but for the protection of the court. . . . It is applied not by way of punishment but on considerations that make for the advancement of right and justice. . . . Pappas v. Pappas, 164 Conn. 242, 245 (1973).
It is undisputed that the defendant in this matter has failed to comply with any of the property orders entered by the court at the time of dissolution. He has paid no child support at all, nor has he complied with orders concerning health insurance or the payment of liabilities assigned to him at the time of dissolution. As a result he owes the plaintiff over $20,000.
Conversely, the evidence is that the plaintiff has made CT Page 5495-G good faith efforts to comply with the court's orders, including the order of December 4, 1995.
"The trial court enjoys broad discretion in determining whether the promotion of public policy and the preservation of the court's integrity dictate that the clean hands doctrine be invoked." Polverari v. Peatt, 29 Conn. App. 191, 202 (1992). This is a case that cries out for the exercise of that discretion. Accordingly, the defendant's motion is denied, and he is ordered to pay the plaintiff's counsel fees for defending against this contempt motion in the amount of $250 within 30 days of this date.
SHORTALL, J.